UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES N. BELSSNER,   )
              Plaintiff(s),   )  Case No. 2:17-cv-01666-APG-NJK
                 )
v.   )  **Report and Recommendation**
                 )
BANK OF AMERICA, et al.,   )
              Defendant(s).   )

On August 1, 2017, the Court dismissed Plaintiff's complaint with leave to amend for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. Docket No. 4. The Court advised Plaintiff that a properly pled complaint must provide a short and plain statement of the claims showing that the pleader is entitled to relief. *Id.* at 2 (citing Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "[a]lthough Rule 8 does not require detailed factual allegations, it demands 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]o comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 2-3 (citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995)). The Court noted that, while the pleadings of *pro se* litigants are to be construed liberally, such litigants must still comply with the basic requirements of Rule 8. *Id.* at 3 n.1 (citing *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014)). The Court also made clear that "**[f]ailure to comply with this order will result in the recommended dismissal of this case**." *Id.* at 4 (emphasis in original).

Now pending before the Court is Plaintiff's amended complaint. Docket No. 7. The amended complaint takes a kitchen-sink approach, purporting to bring claims for violations of: (1) "Protective Clauses 2," (2) "the Federal Whistleblowing and Retaliation Laws," (3) the "Federal Labor Standard Act," (4) the "False Claims Act," (5) the "Retaliation Claim" statutes, (6) the American with Disabilities Act, (7) the United States Constitution,[1] (8) the "Housing and Urban Development Federal Housing Authority," and (9) the Fair Credit Reporting Act. *See* Docket No. 7 at 2.[2] In support of these claims, the Court understands the basic gist of Plaintiff's grievance to be that he alleges that he is disabled, that he spent 2 ½ years attempting to obtain a mortgage from Defendant Bank of America, and that the mortgage application was denied as incomplete when Bank of America asserted that it could not confirm a residential address for Plaintiff. *See id.* at ¶¶ 17-19. Nonetheless, the amended complaint fails to set forth in any meaningful way how such alleged facts state a claim for any particular cause of action. In this way, the amended complaint continues to fail to comply with Rule 8. As such, the amended complaint should be dismissed.

With respect to giving Plaintiff leave to amend, the Court is mindful that a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies can not be cured by amendment. *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Here, the Court has already provided Plaintiff with an opportunity to amend his complaint to comply with Rule 8 and, instead of clarifying his claims and the factual allegations supporting them, Plaintiff instead added even

---

[1] The Constitution does not itself create a right of action, so the Court construes this claim as attempting to bring a claim for alleged constitutional violations pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Emrit v. Sandoval*, 2015 WL 669041, at *2 (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)).

[2] Plaintiff also references at times "Deceptive Business Practices." *See, e.g.*, Docket No. 7 at ¶ 17. To the extent Plaintiff is attempting to bring a claim under the Federal Trade Commission Act, *see id.* at ¶ 15, he has already been informed by this Court that such act does not provide a private right of action, *Belssner v. One Nevada Credit Union*, 2017 WL 3910776, at *2 (D. Nev. Aug. 3, 2017), *adopted*, 2017 WL 3908674 (D. Nev. Sept. 12, 2017).

more claims based on the same basic recitation of his factual allegations. *Compare* Docket No. 7 *with* Docket No. 5. Moreover, he did so even after the Court warned him that failure to comply would result in a recommendation of dismissal. *See* Docket No. 4 at 4. As such, it appears there is no less drastic remedy that dismissing this case without further opportunities to amend. *Cf. Montgomery*, 2014 WL 3724213, at *2, 3-4 (dismissing with prejudice ill-pled claims that failed to comply with Rule 8 given previous opportunities to amend and warning that failure to comply would result in dismissal).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without any further opportunities to amend.

Dated: November 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).