# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and JUAN A. GARCIA ALVARADO,<br><br>Defendants. | Case No. 2:17-cv-01666-APG-NJK<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>(ECF No. 8) |

On November 2, 2017, Magistrate Judge Koppe recommended this case be dismissed with prejudice because plaintiff Charles Belssner has been unable to plead facts supporting a viable cause of action. ECF No. 8. Rather than object, Belssner appealed to the Ninth Circuit. ECF No. 11. The Ninth Circuit dismissed the appeal for lack of jurisdiction. ECF No. 13.

I conducted a de novo review of the issues set forth in the report and recommendation. 28 U.S.C. § 636(b)(1). Judge Koppe sets forth the proper legal analysis and factual basis for the decision. Belssner's amended complaint does not plausibly allege a constitutional violation because there is no basis to conclude defendant Bank of America or its employee, defendant Juan Garcia Alvarado, are state actors. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Belssner does not plausibly allege a violation of the Americans with Disabilities Act because he alleges his mortgage application was denied when Bank of America could not verify a residential address for him, not because he was disabled. ECF No. 7 at 5. Belssner's Fair Housing Act claim fails for the same reason. The FHA precludes discrimination based on handicaps. *See* 42 U.S.C. §§ 3604(f), 3605. But Belssner does not allege his mortgage application was denied because of a disability. He alleges it was denied because Bank of America could not verify a residential address for him.

Finally, Belssner does not explain how Bank of America violated the Fair Credit Reporting Act. As a furnisher of information to credit reporting agencies, Bank of America has a duty to provide accurate information under 15 U.S.C. § 1681s–2(a). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). However, "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.* (citing § 1681s–2(d)).

Bank of America also has a duty, upon notice of a dispute regarding information it has furnished to a credit reporting agency, to conduct an investigation, report results of that investigation, and correct inaccurate or incomplete information if any is found as a result. *See* 15 U.S.C. 1681s–2(b). However, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id.* Belssner does not allege that he lodged a dispute with a credit reporting agency or that the credit reporting agency gave notice of the dispute to Bank of America.

However, because it is possible that Belssner might be able to adequately allege such claims (if sufficient facts exist), I will dismiss his claims without prejudice to his ability to file them in some other action.

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's report and recommendation **(ECF No. 8) is accepted in part**. The amended complaint is dismissed without prejudice.

DATED this 5th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE